**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 11-20100-CR-SEITZ**

**UNITED STATES OF AMERICA,**
      **Plaintiff,**

**v.**

**JAMES EDWARDS,**
      **Defendant.**
_____/

## <u>REPORT AND RECOMMENDATION</u>

On or about July 12, 2012, court-appointed defense counsel Franz A. Parke ("Counsel") submitted a voucher application numbered FLS 11 2315 with appended time sheets requesting $19,820.15 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also submitted a letter dated July 12, 2012 in support of his voucher application.

Counsel represented Defendant James Edwards ("Defendant") for sixteen months from his appointment on March 3, 2011 until June 28, 2012 and seeks compensation for this time in the voucher application. Counsel seeks $19,820.15 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Patricia A. Seitz entered an Order of Reference **[DE # 1177]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a)*; see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

### Criminal Justice Act and Guidelines for Administering
### the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. *See In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." *See* Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. *See* Section §230.23.40(b) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order to approve a request for compensation in excess of the statutory maximum, I must first find that the representation was either complex and extended. This case was both complex and extended.

First, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case.  This case originally commenced when the grand jury returned an Indictment **[DE # 3]** charging a total of twenty defendants with numerous crimes including conspiracy to commit health care fraud, conspiracy to receive and pay health care kickbacks, health care fraud, money laundering, conspiracy to commit money laundering and structuring to avoid reporting requirements.

Defendant was specifically named in Counts I, XIII and XIV.  In Count I, Defendant was charged with conspiracy to commit health care fraud in violation of 18 U.S.C. § 1341.  In Count XIII, Defendant was charged with conspiracy to receive and pay health care kickbacks in violation of 18 U.S.C. § 371.  In Count XIV, Defendant was charged with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).

Defendant faced a separate maximum term of ten years imprisonment for the conspiracy to commit health care fraud charge.  Defendant faced a term of five years imprisonment on the conspiracy to receive and pay health care kickbacks and twenty years imprisonment on the conspiracy to commit money laundering charge.  Counsel later entered a plea of guilty to Count I and XIII. **[*See* DE # 514]**.  He was sentenced to concurrent terms of 84 months followed by three years supervised release.  **[*See* DE # 1094]**.

Second, discovery was voluminous in this case.  The sheer volume of evidence which Counsel had to review in order to effectively represent Defendant rendered this case more complex than the average case.  Third, as Counsel explained, he worked with three Assistant United States Attorneys in this matter.  Counsel further explained that Defendant actually faced two separate cases that "ran together and were disposed of together."  (July 12, 2012 letter).  Accordingly, Counsel incurred more time spent in this case than in the average case.

It is clear from the record that the legal and factual issues in this case were unusual. Consequently, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case.  I also find that the second factor which would allow the Court to certify compensation in an amount in excess of the statutory maximum - that representation in this case was extended - is also met here.

The original Indictment in this matter was returned on February 8, 2011. **[*See* DE # 3]**. On July 13, 2011, Defendant pled guilty to Counts I and XIII of the Indictment. **[*See* DE # 514]**.  Defendant was sentenced on June 28, 2012. **[*See* DE # 1094]**.

Although Defendant eventually pled guilty in this case, Counsel represented Defendant for more than one year.  This case did require more time for processing than the average case, and as a result, this case is properly be considered extended.  As I have concluded that this matter was complex and the representation provided by Counsel was extended, I must now review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

*Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 3.8 in-court hours totaling $475.00.

The CJA administrator also reviewed the 149.5 out-of-court hours sought by Counsel. Counsel sought compensation for 66.5 hours for "Interviews and conferences" and 26.5 hours for "Obtaining and reviewing records." Counsel also sought compensation for 5.0 hours for "Legal research and brief writing" and 39.0 hours for "Travel time." Further, Counsel sought 12.5 hours for "Investigative and other work." Finally, Counsel sought $657.40 in Travel Expenses."

### In-Court Hours[1]

Counsel sought compensation for 3.8 in-court hours totaling $475.00. The CJA administrator made no changes to either the total number of in-court hours or the total amount of compensation sought for this time. I approve $475.00 as reasonable.

### Out-of-Court Hours

In the voucher, Counsel sought compensation for 149.5 out-of-court hours. The CJA administrator reviewed the voucher and made one small change to the number of out-of-court hours claimed by Counsel. The CJA administrator slightly increased the number of hours listed by counsel for "Interviews and conferences" to 70.5 (from 66.5). This increased the number of out-of-court hours to 153.50 and increased the total amount of out-of-court hours

---

[1]    The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

to $18,687.75.

Counsel included some entries that were not sufficiently specific for the undersigned to determine the purpose of the entries. I recommend that these entries be reduced:

| | | |
|---|---|---|
| 3/3/2011 | Telephone call with prosecutor | 0.2 hours<br>[reduce to 0.1 hour] |
| 3/19/2011 | Telephone call with prosecutors | 0.5 hours<br>[reduce to 0.1 hour] |
| 6/7/2011 | Telephone call with prosecutor | 0.3 hours<br>[reduce to 0.1 hour] |
| 7/6/2011 | Telephone call with AUSA | 0.2 hours<br>[reduce to 0.1 hour] |
| 7/20/2011 | Telephone probation | 0.2 hours<br>[reduce to 0.1 hour] |
| 8/15/2011 | 2 calls AUSA, 1 call probation, 1 call employer | 0.8 hours<br>[reduce to 0.3 hours] |
| 8/16/2011 | 2 calls AUSA, 1 call probation | 0.3 hours<br>[reduce to 0.2 hours] |
| 5/15/2012 | Telephone call with client's doctor | 0.2 hours<br>[reduce to 0.1 hour] |
| 6/20/2012 | Telephone call client, probation, client's doctor | 1.3 hours<br>[reduce to 0.6 hours] |

These entries are not sufficiently detailed to justify compensation in the amount requested by Counsel.  The "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") provided by the Court is instructive in this regard.  The form provides that"[t]elephone conferences in excess of one tenth (0.1) hour require notation

of reason for duration, and parties to conversation identified." Although Counsel identified the parties to each conference listed above, Counsel failed to explain the reason for the duration of the conferences in excess of 0.1 hour.

Accordingly, I recommend that these entries should be reduced by a total of 2.3 hours, compensating Counsel for 0.1 hour for each of the above described entries. This results in a total reduction of $287.50.

Counsel also included other problematic entries. Counsel included a number of entries for time spent dealing with Defendant's family. Specifically, I recommend that Counsel not be compensated for the following entries:

| | | |
|---|---|---|
| 3/3/2011 | Telephone call from client's daughter | 0.2 hours |
| 3/7/2011 | Telephone call from client's daughter | 0.2 hours |
| 3/8/2011 | Telephone call from client's daughter | 0.3 hours |
| 4/25/2011 | Meeting with bond co-signor | 1.0 hour |

These entries are not eligible for compensation under the CJA because the Supplemental Instructions form makes clear that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are not compensable." Time spent conversing with Defendant's family members or explaining a bond to a co-signor is "hand holding" that is not compensable under

the CJA because it is not time which contributes to Defendant's defense.  Eliminating these entries results in a reduction of 1.7 hours totaling $212.50.

Lastly, Counsel also included a number of entries seeking compensation for clerical tasks.

| | | | |
|---|---|---|---|
| 3/31/2011 | drafting and *filing* of motion | 0.5 hours | [reduce to 0.4 hours] |
| 5/18/2011 | drafting and *filing* notice | 0.2 hours | [reduce to 0.1 hour] |
| 8/17/2011 | *Filing* motion | 0.2 hours | [reduce to 0.1 hour] |
| 12/5/2011 | Drafting and *filing* notice | 0.2 hours | [reduce to 0.1 hour] |
| 12/20/2011 | Draft and *file* motion/ modify conditions of release | 0.3 hours | [reduce to 0.2 hour] |

I recommend that the above entries be reduced because clerical duties are also  not compensable under the CJA.  The Guidelines make clear that "[e]xcept in extraordinary circumstances, whether work is performed by counsel or other personnel, the following expenses associated with CJA representation are not reimbursable: personnel; rent; telephone service; and secretarial."   Section §230.66.10(b) of the Guidelines. The Supplemental Instructions further provide that "[c]lerical work (copying, faxing, mailing, etc.) associated with CJA representation, whether work is performed by counsel or other personnel, is not reimbursable."  Accordingly, I recommend that the voucher be reduced by 0.5 hours for a total of $62.50 for the above listed clerical entries.

I conclude that these reductions result in fair compensation for Counsel.   I find that the remaining out-of-court hours (as adjusted by the CJA administrator) in the voucher application are appropriate.  Factoring in all of the deductions described above, I recommend that Counsel should be paid $18,625.00 for his out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel".   *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted).

As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono.  The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature."  *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale*, 624 F.Supp. 381, 383 (D. R.I. 1985)).  In considering these principles with respect to the instant case, I conclude that an award of $18,625.00 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

**Expenses**

Counsel sought $657.40 in "Travel Expenses." The CJA administrator slightly reduced this amount to $603.86.  I hereby approve the amount of $603.86 in "Travel Expenses."

**CONCLUSION**

I commend Counsel  for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts in this case. As I explained above, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00.

Based upon my review of the time sheets, the Motion, the docket and filings in this case, I RECOMMEND that Counsel be paid $19,703.86 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections  with the Honorable Patricia A. Seitz, United States District Judge.

Signed this 27th day of December, 2012.

_____
PETER R. PALERMO
SR. UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Franz A. Parke, Esq.
Lucy Lara, CJA administrator